CARLTON, J.,
dissenting:
¶ 20. I respectfully dissent. I submit that the decision of the Commission is not supported by substantial evidence. See Lott v. Hudspeth Ctr., 26 So.3d 1044, 1048 (¶ 12) (Miss.2010); Walker Mfg. Co. v. Cantrell, 577 So.2d 1243, 1245-47 (Miss.1991). The record fails to support a finding that Harper’s employment caused or contributed to his chronic failure to treat, and hence control, his established high blood pressure. The record shows that his high blood pressure continued unabated over the course of many years and that he took his medicine intermittently. No evidence in the record, or in the Commission’s decision, indicates that Harper’s employment prevented him from taking his medicine or from accessing the pertinent medical services or medicines. The record indicates that Harper knew he suffered from high blood pressure for many years. Yet he failed to comply with the treatment, resulting in chronic, untreated high blood pressure.
¶ 21. The record reflects that Dr. Davis, a neurosurgeon, testified that Harper’s death was caused by a brain hemorrhage, which resulted from uncontrolled high blood pressure, and was not caused or contributed to by his employment. The Commission’s opinion acknowledges that Harper’s death was largely due to uncontrolled high blood pressure and that the condition, in and of itself, is not work related. The Commission nonetheless found Harper’s death compensable, but apportioned the benefits.
¶ 22. However, I submit that the record fails to show how Harper’s employment prevented him from seeking treatment for his high blood pressure. The record shows that the Commission’s order even acknowledged that Harper failed to take his blood-pressure medicine even though his high blood pressure had been repeatedly documented. The Commission also acknowledged that a hypertensive hemorrhage in the brain is the most common complication of chronically untreated high blood pressure. The Commission further provided that the most common place to suffer such a brain hemorrhage was the basal ganglia, which was where Harper suffered his hemorrhage.
¶ 23. The crux of the issue is that Harper failed to treat his high blood pressure and allowed his hypertension to be chronically uncontrolled, thereby causing his death by a brain hemorrhage. I thus find that the Commission’s decision determining that Harper’s death was compensable is not supported by substantial evidence. See generally Guy v. B.C. Rogers Processors Inc., 16 So.3d 29, 37 (¶¶ 30-31) *468 (Miss.Ct.App.2008). I would therefore affirm the decision of the circuit court.
IRVING, P.J., JOINS THIS OPINION.